■ DOROTHEA ACKER, Appellant, v. ALFRED AVEYARD, JR., Respondent.— Appeal from a judgment of Children's Court, Albany County. In this filiation proceeding the Children's Court has determined that the defendant is not the father of a child borne by the complaining witness. Our reading of the record leads us to the view that the issue should be re-examined. Defendant freely concedes he had intercourse with complainant, but contends it occurred only on and after October 6, 1954. The child was born June 7, 1955. Complaining witness testified that she met defendant in July, 1954, and had intercourse with him in August and September of that year as well as later. Defendant testified that he was on vacation from September 14th to October 1st and that after he first met her in July he did not see complainant until after his vacation. Defendant called as a witness a man who testified that he had intercourse with complaining witness during a period in which this pregnancy could have resulted. Complainant denied this. There are singular circumstances based

entirely on defendant's testimony which cast grave doubt on this defense: (a) defendant testified that he had been keeping company with another woman, but that he broke off with this woman a week after he met the complaining witness, about August 15th; (b) that he broke off with this woman "because he had met" complaining witness; (c) although he insisted that he had not been with complaining witness alone until after October 1st, he admitted he had called her in mid-September and asked for a date; (d) finally, he admitted continuing to have intercourse with her as late as November after he had learned she was pregnant. These factors rather strongly suggest that defendant had intercourse with complainant earlier than he admits, and tend to corroborate complaining witness's version of the facts. A blood test did not exclude the defendant as being the father of the child; it would be helpful to a proper adjudication if such a test could be made, with his consent, of the witness who testified to intercourse with her at the crucial period. In any event, we think a new trial is indicated. Order reversed, on the law and facts, and a new trial directed. Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ., concur. [See post, p. 795.]